BENJAMIN F. EDWARDS *v.* WILLIAM C. McGEE, Guardian, &c.

The statute (Hutch. Co. 680) which makes it the duty of the probate judges of the several counties in the State, upon application of the widow of any deceased person, to appoint commissioners to select and set apart out of the stock of provisions or effects of said deceased person, one year's provisions for the widow and children, was intended to give to the widow and children of such deceased person, a clear right to one year's support out of his estate.

The widow of the deceased is the proper person, if living, to make the application; but if she die without making the application, then the children, or their guardian, may do so on behalf of the children.

IN error from the probate court of Holmes county; Hon. A. Wilson, probate judge of Holmes county.

The opinion of the court contains the facts of the case.

*Thomas Botters*, for appellant,
Cited *Cox* v. *Brown*, 5 Ired. L. R. 194; *Kimball* v. *Deming*, Ib. 418.

*J. M. Dyer*, for appellee,
Cited 8 S. & M. 520; *McNulty* v. *Lewis*, Ib. 526.

Mr. Justice FISHER delivered the opinion of the court.

This was a petition exhibited by the defendant in error as guardian of the minor children of James G. McGee, deceased, in the probate court of Holmes county, praying the court to appoint three commissioners to set apart out of the stock of pro-

Edwards *v.* McGee.

visions and effects of the intestate, one year's support for said children.

The court granted the prayer of the petitioner and appointed the commissioners, who made their report, which, with a certain modification, was confirmed by the court. The plaintiff in error, as a creditor of the intestate appeared and contested the report and action of the court, on the ground that the petitioner as guardian had no right to make the application; that it could only be made by the widow of the deceased, and as she had died without making it, the children had no longer any right, under the provisions of the statute, to the allowance. These several objections having been overruled by the court below, the cause is brought for revision into this court.

The statute is in these words, to wit, " It shall be, and is hereby made the duty of the probate judges of the several counties in this State, upon the application of the widow of any deceased person, to appoint three commissioners, whose duty it shall be to select and set apart, out of the stock of provisions or effects of said deceased person, one year's provision for the widow and children." Hutch. Co. p. 680. We perceive no difficulty in the construction of this statute. It gives to the widow and children of a deceased person, a clear right to one year's support out of his estate. It gives no greater right to the widow, than it gives to the children. It is true, she is the person, if living, to make the application, but the very argument used by plaintiff's counsel that. she died without making the application is the very strongest that can be urged why the guardian should have made it in the present case. The question is, Did the law confer upon the children the right asserted; and if so, was it absolute, or dependent entirely upon the life of their mother? It is clear that the law conferred the right. It is equally clear that when, in consequence of her death, she could not assert the right for them, the guardian might do so. He was the person intrusted with their support, and management of the means for that purpose. The mother being dead, he not only had the power, but it was part of his duty to do what she could have done if living in this behalf. The creditor has no right to complain. If the widow were living, the allow-

ance for support would only have been in proportion greater, and consequently reducing the fund to that extent for the payment of debts.

There is nothing in the object or nature of the law, requiring the rigid construction contended for by counsel. Every man is charged with a knowledge of the law, and the creditors knew at the time they gave the credit, the preference in this respect, given to the widow and children of the deceased.

The law is one which rests in sound policy, and ought to be liberally interpreted so as to carry out the intention of the legislature.

Decree affirmed.