Womack et al. *v.* Boyd.

---

## WOMACK and BOYD, Executors, &c., *v.* CATHARINE BOYD.

1. WIDOW : YEAR'S ALLOWANCE : RIGHTS OF CHILDREN IN.—The statute allowing to the widow and children of a deceased person a year's support out of his estate, vests a substantive right to the same in the children ; and if they be not her children, and live separate from her, under the control of their guardian, they will be entitled to have a fair and equitable division of the sum set apart for the year's allowance.

2. SAME : RIGHT OF POSTHUMOUS CHILD.—A posthumous child of a decedent is entitled to share in the sum allowed for the year's support of the widow and children.

3. SAME : HOW A DIVISION SHALL BE EFFECTED.—The statute making an allowance of a year's support to the widow and children of a decedent, does not provide in what proportion the same shall be divided amongst them, in case a division should be necessary; in such a case it would be the duty of the Probate Court to make such an apportionment as, under the circumstances, would be just and equitable, taking into consideration the sum necessary for the support of each;

and this may be done either by the court directly, or through the agency of the commissioner appointed to set apart the year's allowance.

APPEAL from the Probate Court of Yazoo county.    Hon. R. B. Mayes, judge.

*Holt* and *Bowman*, for appellants,
Cited Hutch. Dig. 680 ; Session Act of 1852, p. 345 ; *Edwards* v. *M'Gee*, 5 Cushm. 93.

*Geo. B. Wilkinson*, for appellee,
Cited Hutch. Dig. 680 ; Session Act of 1852, p. 345 ; Acts of Special Session of 1852, p. 66.

HANDY, J., delivered the opinion of the court.

John R. Boyd, the appellant's testator, died, leaving a widow, the appellee, and two children, by a former wife.   The appellants, qualified as executors and commissioners, were appointed by the Probate Court to set apart to the widow and children, one year's provision, under the statute ; and they reported that they had allowed and set apart for the support of the widow and children, four hundred dollars.   The children, after the death of the testator, lived with Womack, one of the executors, who had been appointed their guardian ; the widow living with her father, and separate from them.   About seven months after the testator's death, his widow gave birth to a child.   The executors, in their annual account with the Probate Court, claimed an allowance for $266 66⅔, being two-thirds of the sum allowed by the commissioners for the widow and children, on the ground that they had paid that sum to the guardian of the children.   The widow, on behalf of herself and her infant child, excepted to the allowance of the sum claimed, and the court sustained the exception.

It has been several times held by this court, that the statutes giving to the widow and children of a deceased person certain property and privileges from the estate of the deceased, gives a substantive right to the children as well as to the widow.   *Edwards* v. *M'Gee*, 27 Miss. 92 ; *Whitcomb* v. *Reid*, decided at this term.

And under this rule, although the widow may generally have the control of the whole sum allowed, where the children are her own, or are under her guardianship or control, it is evident that cases may arise where she would have no right to receive the entire fund. And the present appears to be a case of that character, the children not being her own, nor being maintained by her, but living with, and being supported by, their guardian. It was proper, therefore, that the guardian should receive and apply such portion of the allowance as they were entitled to, for their benefit.

It is true, that the sum being allowed in gross, the executors had no right to apportion how much should belong to the widow, and how much to the children. But that was within the power of the Probate Court, and as the question was necessary to be settled, the occasion of the making of the executors' account, all parties being represented before the court, was a proper one for having it settled. The executors claimed an allowance for a certain sum paid to the guardian of the children, out of the fund in which they were interested; and if the payment was shown to have been made, and the sum paid was the portion to which the children were entitled, the executors were entitled to a credit for the same in their account. If the sum paid exceeded the portion of the sum allowed to which the children were entitled, the executors should have been allowed for the sum to which the children were legally entitled, if it was shown to have been paid to their guardian.

But in this case they were not entitled to an allowance for the full amount claimed by them. It appears that they paid two-thirds of the fund to the benefit of the two children, treating the fund as belonging to those children and the widow, disregarding the child born after the testator's death. But that child was also entitled to an interest in the allowance, unless it should be ascertained by the court that the condition of that child was not such as to require, during the year from the date of administration, any aid from the estate for its support.

The statutes conferring these privileges upon the widow and children, furnish no rule for apportioning to them respectively the sum allowed for their benefit. It might occur that the widow

would require a much larger sum for her support than any one of the children, during the year, or that some of the children might require much more than others. And that is a matter to be settled by the Probate Court, either by directing the commissioners, who set apart the allowance, to inquire into and report upon the circumstances of the parties, where it may be necessary, and the necessity is made known to the court at the time of appointing the commissioners, or by the court inquiring into the matter, and adjusting the rights of the respective parties.

In the present case, we think that the executors should have been allowed for whatever sum the children were entitled to, and which had been paid over to their guardian; and in order to ascertain that amount, the court should have inquired into, and settled the amounts due to the widow and to the children, respectively.

Judgment reversed, and cause remanded, to be proceeded with according to the principles herein declared.