A. J. FRANTZ *v.* SOL. DOBSON, SHERIFF AND TAX COLLECTOR.

TAXATION. *Exemption of tools of a mechanic. Whether printing-press included therein. Section 468, Code 1880, construed.*
  A printing-press owned by a practical printer, editor, and publisher of a newspaper, and necessary to carry on his trade or business as printer and publisher of such paper, is not exempt from taxation under § 468, Code of 1880, which provides that "the tools of any mechanic, necessary for carrying on his trade," shall be so exempt.

APPEAL from the Chancery Court of Rankin County.

HON. T. B. GRAHAM, Chancellor.

A. J. Frantz, a practical printer, was the publisher and proprietor of a weekly newspaper, the Brandon *Republican.* He owned a printing-press, which he used in printing his paper. Sol. Dobson, sheriff of Rankin County, levied on the printing-press and was about to sell the same for the taxes due thereon, when A. J. Frantz filed the bill in this case against Dobson, praying that he be enjoined from selling the printing-press. The defendant demurred to the bill and the court sustained the demurrer. The complainant appealed. The sole question in the case is fully set out in the opinion of the court.

*Wm. Buchanan,* for the appellant.

Are printing-presses, types, etc., tools of a mechanic within the meaning of the statute? On this question I have found no decision of this court.

The Supreme Court of Massachusetts in *Danforth* v. *Woodward,* 10 Pick. 423, and in *Buckingham* v. *Billings,* 13 Mass. 82, has held that they were not tools. The Supreme Court of Vermont held the same view in *Spoon* v. *Fletcher,* 3 Vt. 133. The Supreme Court of Connecticut held—disapproving the doctrine of *Buckingham* v. *Billings*—that a printing-press, types, cases, etc., were tools within the meaning of the statute. See *Patten* v. *Smith,* 4 Conn. 450.

In Alabama, under a statute exempting from execution " all implements or tools of trade," the supreme court of that State

decided that the press and type of a practical printer, which are necessarily used by him and his journeymen in the publication of a newspaper, are tools or implements of trade within the meaning of the statute. See *Sallie* v. *Waters,* 17 Ala. 482.

In *Prather* v. *Bobo,* 15 La. An. 524, the Louisiana Supreme Court held that printing-press and materials necessary for the exercise of his trade as a printer and editor were exempt from execution under the article of the code exempting " the tools and instruments necessary for the exercise of the trade by which he (the debtor) gains a living."

In *Green* v. *Raymond,* 58 Texas 80, the Supreme Court of Texas held that the printing-press, types, and cases used in a printing office by the editor and publisher of a newspaper are exempt under a statute exempting " all tools and apparatus belonging to any trade or profession " from execution.

The weight of authority on the point sustains the view that has been adopted by the revenue officers of Mississippi, that the printing-press and printing materials of a practical printer are tools, and the work done with these tools being mechanical, the printer is a mechanic, and is entitled to the benefit of the statute exempting from taxation the tools of any mechanic necessary for carrying on his trade.

*Nugent & McWillie,* on the same side.

In *Norris* v. *Hartt,* 18 N. H. 196, the words of the law under consideration were, " tools of his occupation to the value of twenty dollars," and the controversy in fact was whether a daguerreotype apparatus which the owner had ceased to use for the taking of likenesses and was using to teach the art to another with a view to the sale of the chattel was exempt from attachment. The court held that it was not exempt without deciding the question as to whether the chattel was a " tool." It was, however, conceded that there were cases in which the meaning of the word had been extended to embrace things not in strictness embraced in its philological or even its popular use. The court said that the apparatus was not a tool of the plaintiff's occupation because teaching was not his occupation.

In *Biting* v. *Vandenbrough,* 17 How. Pr. 82, it was said that under the words "working tools" in a statute of exemption a watch may be included when a timepiece is necessary to the prosecution of a business by which the party concerned obtains a livelihood, and when he uses the watch in the very business itself. The court in this case proceeded upon the well-recognized rule that statutes of exemption reserving a small amount for the benefit of a debtor's family ought to receive a liberal construction. 25 Wend. 370; 5 How. Pr. 288; 8 Ib. 75.

In *Lenoir* v. *Weeks,* 20 Ga. 597, the court said : "The word 'tool' is defined to be some simple instrument used by the hand, and the object of the legislature obviously was to exempt articles of small value and of frequent and daily use by a poor mechanic, upon whose manual occupation of these tools his family depended for a subsistence. It was never intended that the debtor should be protected in carrying on an extensive trade with a large capital, even in tools, while his creditor was suffering for the money justly due him."

In *Buckingham* v. *Billings,* 13 Mass. 82, the levy was made upon one printing-press of the value of seventy-five dollars, five hundred and sixty pounds of long primer type of the value of three hundred and sixty-six dollars, five hundred and thirty pounds of brevier type of the value of three hundred and ninety-seven dollars, and thirty-four wooden cases of the value of thirty-four dollars. The debtor was a printer carrying on business *extensively* in printing books of various descriptions. The jury found that many common school books, *newspapers,* and many other works might be executed with the implements and materials which were not taken but suffered to remain with the plaintiff, and which were of the value of one thousand six hundred dollars. The question thus presented was whether the articles taken were *necessary* tools or not within the meaning of the statute, and the court replied in the negative. This case is rather favorable to our view, because if the articles seized had been necessary to the carrying on of the trade of the printer there can be little doubt that the decision would have been otherwise.

In the only case in which the question was squarely presented the response of the court was in favor of the proposition advanced by us. The appellant is a practical printer owning a printing-press necessary to his business, publishing a weekly newspaper. This fact the demurrer admits. Is it true that a practical printer earning a scanty subsistence by publishing a newspaper of limited circulation and using a printing-press for that purpose is not included in our statute of exemption from taxation, while all others following mechanical pursuits are? Certainly this ought not to be the case. Lawyers and physicians have their libraries, carpenters, blacksmiths, jewelers, and type-writers have their "tools." Why not practical printers ? The word, liberally considered, is broad enough to cover the "poor printer" as well as the poor carpenter. We can readily understand the limitation "necessary for carrying on his trade," and this would, practically considered, restrain the limitation within reasonable limits. If "tools" seized under attachment and subjected to taxation are not necessary to the carrying on of a trade, they are not exempt from taxation anyhow.

*Cole & White,* for the appellee.

It will be observed that all the cases cited for the appellant have reference to exemption from execution and attachment, and the weight of authority is largely against the exemption of printing-presses and machinery of like character, while the law in relation to exemption from execution and attachment is much more liberally construed for the debtor than the law in relation to exemption from taxation.

The rule is that laws exempting property from taxation must be construed strictly, and unless the terms under which the exemption is claimed clearly and distinctly show that it was the intention of the legislature to make the exemption it must not be allowed. Law of Assessments (by D. W. Weltz), § 169; 50 Ga. 620; 95 N. Y. 554; 109 U. S. 378; 19 Pa. 144.

*T. M. Miller,* Attorney General, on the same side.

The purpose of the legislature to exempt a given species of property from taxation must appear in terms clear and explicit. Burroughs on Taxation 132.

"The word 'tool' as used in such statutes (exemptions) is understood to refer to some simple instrument used by hand, such as a saw, a plane, a trowel, and the like, and this agrees with the definition of the word used by the best lexicographers. The design of the statutes is said to be fulfilled by protecting mechanics and other laborers with the usual implements necessary in the exercise of their appropriate callings, and this benevolent design would be grossly perverted by extending it to large and expensive machines, instruments, and materials used in large manufacturing establishments requiring the co-operation of many hands." Thompson on Homestead and Exemption, § 156, and numerous cases cited.

"Neither are the printing-press, types, and material commonly used in a printing office, where several men are employed, 'tools' within the meaning of a statute exempting the tools of any debtor necessary for his trade or occupation, or statutes of similar import." Ib., § 757; *Buckingham* v. *Billings,* 13 Mass. 82; *Danforth* v. *Woodward,* 10 Pick. 423; *Spooner* v. *Fletcher,* 3 Vt. 133.

It is believed the appellee may rest with safety upon the reasoning of these cases without invoking the rule that where an exemption from *taxation* is involved the intent to exempt must be perfectly clear.

But upon the principle announced by the high court of errors and appeals of this State in the case of *Whitcomb* v. *Reid,* 2 Geo. 567, the exemption here claimed cannot be sustained. The principle is that where both science and skill are combined in a given occupation, both learning and manual work, the implements used cannot be classed as the tools of a mechanic nor the calling be denominated a trade. Thus it was held in that case that, although a dentist worked with tools, his business also involved physiological learning, and he was to be classed rather with the learned professions than mere mechanics. Consequently, it was held that the instruments used by him were not exempt as the tools of a mechanic.

ARNOLD, J., delivered the opinion of the court.

Section 468 of the code exempts from taxation "the tools of

any mechanic necessary for carrying on his trade." Whether a printing-press, owned by a practical printer, editor, and publisher of a newspaper, and necessary to carry on his trade or business as printer and publisher of such paper, is embraced in this exemption, is the question to be determined in this case.

Authorities relating exclusively to homestead and other exemptions from the payment of debts are relied on by appellant to support the issue on his part. But statutes exempting property from levy and sale for the payment of debts and those exempting persons or property from the payment of taxes are construed quite differently. The former class of statutes, based on the benevolent public policy of preventing destitution and pauperism, and on the patriotic motive of inspiring sentiments of independence favorable, if not essential, to the maintenance of free institutions, are uniformly construed with the utmost liberality, to advance these objects, whilst statutes of the latter class, on account of their making invidious distinctions between citizens and partaking of the nature of favoritism and producing injustice and inequality in the contributions to a common burden, are construed strictly, to avoid these evils.

The general policy of the law is that all who enjoy the protection of government shall contribute to defray its expenses. Taxation is an act of sovereignty which should be performed with justice and equality to all. Taxation is the rule, exemption the exception. Exemption from taxation is a matter of grace and favor, not to be presumed or implied. Unless it is clearly intended and expressed, it is not allowed. Cooley on Taxation 146–152.

We are of opinion that a printing-press is not a tool within the meaning of the statute. It accords with the letter and spirit of the statute to say that the legislature intended thereby to exempt only the simple instruments used by the mechanic in manual labor, such as hammer, saw, plane, file, and the like, and that machinery or apparatus as complicated and valuable as a printing-press may be, was not contemplated by the statute. Under statutes similar to our own, exempting the tools of mechanics from liability to execution or attachment for debt, where, as before stated, the greatest liberality of interpretation is indulged, it has been several times

decided, that a printing-press was not exempt.    Thompson on Exemptions, §§ 756–758 ; *Buckingham* v. *Billings*, 13 Mass. 82 ; *Danforth* v. *Woodward*, 10 Pick. 423 ; *Spooner* v. *Fletcher*, 3 Vt. 133 ; and in *Whitcomb* v. *Reid*, 31 Miss. 567, it was held that the instruments of a dentist, used in the practice of his art, were not exempt from execution or attachment, under a statute in the very words of the one now under consideration.

To save to the poor and toiling mechanic the means of employment in his trade, is suggested by sound policy as well as by sentiments of humanity, but a purpose to extend the circle of exemtion from taxation, beyond this, so as to embrace property that may be worth thousands of dollars, cannot be ascribed to the legislature by any proper construction of the statute in question.

*Affirmed.*