## Jones *vs.* Crumley.

The record of the homestead proceedings should show out of whose property the applicant seeks to have the homestead set apart, so that the creditors of such owner may be notified that their interests are attacked, and in the event that a wife makes such application for the benefit of her husband and six minor children, who is her husband, and whether the homestead is to be carved out of her own or his property, must appear.

Homestead. Before Judge CRISP. Randolph Superior Court. May Term, 1878.

Reported in the opinion.

· H. FIELDER, for plaintiff in error, cited 59 *Ga.*, 235 ; *Ibid.*, 355.

JOHN T. CLARKE & SON, for defendant, cited 55 *Ga.*, 182 ; 50 *Ibid.*, 216 ; 56 *Ibid.*, 520 ; 59 *Ibid.*, 235 ; *Wicker vs. Schofield, Hart vs. Block, Davis vs. Wilson*, (August term, 1878, not yet reported); 2 How., 338, 339.

JACKSON, Justice.

This was a judgment upon an agreed state of facts.

It was admitted that the title to the land levied on had been in the defendant in *fi. fa.*, at the time application for homestead was made, and it was sought to take it out of him by a homestead set apart therein for his family. The single question is, was the homestead set apart so as to vest the title in the family of the defendant?

Mrs. M. R. Crumley made the application which is agreed to have been as follows: "The petition of Mrs. M. R. Crumley of said county, respectfully showeth that she is the head of a family, consisting of herself and husband, and six minor children, and that she desires (under the provisions of section first, article seven of the constitution, and an act of the general assembly to provide for setting apart a home-

stead of realty and personalty, etc., approved October 3, 1868,) to have laid off and set apart to be exempt from levy and sale, as a homestead for the use of her said family, on or out of lots of land (including the lot claimed) whereon A. A. Crumley now lives, etc., etc. She therefore prays an order, etc., etc."

Under this application a survey and plat was made and returned by the county surveyor, including this lot therein.

The land was claimed by A. A. Crumley, for his family, and the court sustained it, the *fi. fa.* and mortgage of plaintiff being junior to the homestead.

It will be observed that it nowhere appears on the face of the papers whose land it was that this head of a family wished to have a homestead in, whether her own or another's. It simply appears that a person named A. A. Crumley lived thereon when she applied, but it is not stated that he is her husband.

When this application was made by her, did the creditors of her husband have notice so as to fight the application? These papers do not show. In our judgment the application is so defective, the judgment and record so uncertain, that it does not pass the title out of the defendant in *fi. fa.* into this family. It is strange that she should be the head of a family, including her husband, any way; and strange as the times are, and great as have been the changes made in women's rights, we are not aware that the law has yet reversed the bible, and set her over her husband as his head.

Judgment reversed.