## BECHTOLDT *vs.* FAIN *et al.*

1. Where a married woman applies for a homestead, it must affirmatively appear from her petition that it is claimed out of her husband's property; otherwise, the homestead granted to her will be invalid: *aliter* if the husband were the applicant, the presumption being in that case that the property is his.
2. A married woman cannot have a homestead set apart out of her own property unless she is living separate and apart from her husband.
February 2, 1884.

Homestead. Husband and Wife. Before Judge HAMMOND. Fulton Superior Court. April Term, 1883.

A lot of land was sold under the foreclosure of a mortgage in favor of George J. Howard against Josephine Bechtoldt. She filed a bill, on behalf of herself and minor children, to set up a homestead which had been set apart to them by the ordinary. On the trial, it appeared that the title was in her when the homestead was set apart, though her husband had exchanged a house and lot for it.

The petition for homestead was by the wife, the husband refusing, but did not show out of whose property it was to be set apart. Counsel for defendant objected to the introduction of the homestead proceedings, on the ground that it did not appear out of whose property it was to be set apart, and because a married woman could not take a homestead out of her own property. The court sustained the objection, and no other evidence being offered, the bill was dismissed, and complainant excepted.

COLLIER & COLLIER, for plaintiff in error.

W. L. CALHOUN, for defendants.

HALL, Justice.

Although the facts would make this seem a hard case, yet the controlling question in it is too well settled by the repeated decisions of this court to enable us, by questioning them, to afford the plaintiff in error the relief she seeks by her bill of exceptions. She is a married woman, and applied for and obtained a homestead, alleging that her husband refused to do so, and failing to state in her petition to whom the property belonged on which she sought to have the homestead laid. It is essential to the validity of her homestead that it should affirmatively appear from her petition that it was claimed out of her husband's property. 61 *Ga.*, 105; 65 *Ib.*, 347. Had the husband been the applicant, the omission of this statement would not have rendered the homestead invalid, the presumption being in that case that the property was his. 67 *Ga.*, 669. On the trial of the case, it was shown that the property belonged to the wife at the time the homestead was applied for and assigned; but by the Code, §2019, she is debarred from taking a homestead in her property, unless she is living separate and apart from her husband, and in this instance it appears that she was not. 62 *Ga.*, 352.

Judgment affirmed.