## ROBSON *vs.* WALKER *et al.*

1. If an application for homestead was carried to the superior court by appeal, the petition could be amended there as well as in the court of original jurisdiction; but if the ruling of the ordinary were carried to the superior court by *certiorari*, only the errors committed by the court of ordinary on the pleadings as they stood in that court, to which exceptions in writing were taken, could be considered; and on the hearing of the *certiorari*, an amendment to the original petition for homestead could not be made.   45 *Ga.*, 552; *Morris vs. Morris*, (present term; p. 286.)
2. A married woman could not take a homestead, under the constitution of 1877, out of her own property, as the head of a family, where her petition showed her husband to have been the head of a family, and that he refused to take a homestead, and did not show that the applicant had the care and support of her children or dependent females of any age, or even that her husband was unable to support her children and herself out of his property. Code, §5210.

Judgment affirmed.

March 17, 1885.

JACKSON, Chief Justice.

[Mrs. Georgia A. Robson filed a petition for a homestead and exemption, alleging as follows:

" The petition of Georgia A. Robson, a resident of said county, shows that her husband, J. A. Robson, of said county, is the head of a family, consisting of . . . . . . . and that her husband refuses to apply for a homestead; that she desires, under the constitution of Georgia and the statutes in reference thereto, to have laid

off and set apart, as a homestead for the use of said family, on or out of five hundred and forty acres of land, the property of your petitioner, situated in said county," etc.

A like application was made as to the personalty. Attached to the petition were schedules of the realty, personalty and creditors of the applicant. Rawlings et al., creditors of the applicant, demurred to the petition, on the ground that the petitioner was a married woman, living with her husband, and not entitled to a homestead out of her own property, and that she was not the head of a family, so as to be entitled to a homestead. The ordinary sustained the demurrer. The applicant carried the case to the superior court by *certiorari.* On the hearing there, she moved to amend her application by alleging that her minor children lived with her and were dependent on her, her husband having no property and being unable to do manual labor by reason of being maimed. This was refused, and the judgment of the ordinary was sustained. Whereupon the applicant excepted.]