---

WALKER *et al. vs.* THOMASON *et al.*

Where, in 1875, a man applied for and obtained a homestead, alleging that he was the head of a family consisting of himself and daughter, and the property having been levied upon, he interposed a claim thereto; and where on the trial it was shown by the claimant himself, and not controverted, that at the time he made the application and when it was allowed, his daughter had been married, and her husband had deserted her; that she was then living in Cobb county, while the applicant lived in Dekalb county; and that in the fall of 1875, she moved to her father's house, and remained there ever since to the time of the trial, such homestead was illegal, and a verdict in favor of the claimant was contrary to law, and a new trial should have been granted on that ground.

November 9, 1886.

Homestead. Verdict. Before Judge RICHARD H. CLARK. Dekalb Superior Court. March Adjourned Term, 1886.

Reported in the decision.

J. E. MOZELY, for plaintiffs in error.

H. C. JONES; ALEXANDER & TURNBULL, for defendants.

BLANDFORD, Justice.

A certain tract of land was levied on by executions in favor of plaintiffs in error against defendant in error, which was claimed by defendant, as head of a family, as being exempt from levy and sale by reason of the fact that the same had been set apart as a homestead. On the trial of the case, it was shown that the defendant had applied to the ordinary of Dekalb county as the head of a family consisting of himself and his daughter, Sarah Jenkins.

The ordinary approved the application and the property claimed was set apart; this application was made and allowed in September, 1875. It was proved by the claimant, and there was no proof or testimony to the contrary, that at the time he made the application and when the same was allowed, his daughter, Sarah Jenkins, had been married and her husband had deserted her; that she was then residing in Cobb county, the applicant living in De-kalb county; and that in the fall of the year 1875, after the homestead had been allowed, she moved to her father's house and has remained there ever since.

The jury found a verdict in favor of the claimant. The plaintiffs moved for a new trial, which was denied by the court, and they bring the case here, assigning as error the refusal of the court to grant the new trial on the grounds taken in the motion therefor.

Was the verdict of the jury contrary to the law and without evidence to support it? We think that it was. It is clearly shown by the testimony of the claimant that he was not the head of a family when he applied for or when the homestead was allowed, and there is no proof to the contrary. The constitution of 1868, and the acts passed in pursuance thereof, allowed to " each head of a family," etc., " an exemption and homestead," etc. A single person who had no family was not entitled thereto. The act of 1869, pp. 23 and 24, code of 1873, §2005, enacts that every one who claims a homestead should act in perfect good faith, and he who is guilty of willful fraud shall not have the benefit of the homestead; and this is so even though the party was constitutionally entitled to the homestead. What is to be said of one who is not entitled to the homestead, but who represents himself to be the head of a family consisting of himself and daughter, when in fact he has no such family? It seems to us that this is a palpable fraud, and that under the act of 1869 above referred to, he loses the benefit of the homestead, if one can lose that which he never had. The act of the ordinary in ap-

proving the homestead, under the facts of this case, was a mere nullity; to give vitality and force to the act of an ordinary in allowing a homestead, the party seeking the same must be entitled thereto by virtue of the constitution; he must be the head of a family, or guardian or trustee of a family of minor children; and when this is not so, there is no power vested in the ordinary to make the homestead, and if he does so, it is merely void. Hence, we are of the opinion that the homestead allowed to Thomason was no homestead sufficient to protect the property set apart from the judgments and executions of the plaintiffs in error, and that a new trial should have been granted because the verdict of the jury is contrary to law and without evidence to support it.

Judgment reversed.