JOHNSON *v.* LITTLE.

A married woman having a separate estate, and living with her husband and six minor children, four of whom are daughters, the husband being physically unable to work and having no property nor means of support, is not, under the constitution of 1877 (Code, §5210), entitled to have a homestead out of her own estate set apart to her as the head of a family; but would be entitled to a homestead out of her own property as a person having the care and support of dependent females, if it appeared that her minor daughters were, in fact, "dependent." It not so appearing in her application, leave is granted to supply this allegation by amendment.

February 20, 1893.

Homestead.   Husband and wife.   Amendment.   Before H. T. LEWIS, judge *pro hac vice.*   Putnam superior court.   March term, 1892.

An application for homestead made by Mrs. Johnson was caveated by Christine Little, who also demurred to the application.   Upon the trial before the ordinary the caveat and demurrer were overruled.   The cause was carried to the superior court by appeal, where the demurrer was sustained, and Mrs. Johnson excepted.

The petition alleged, in brief: For years petitioner has had the entire care and support of herself and minor children. Her husband, because of very hard labor in the discharge of his duties, was compelled to give up the position he held and retire with her to where she now resides, being broken down in health and having no property of his own from which he could make or derive a support. From that time until now he has been physically weak and utterly unable to do the work of a man, and consequently from his own exertions unable to add or contribute anything material to the support of himself, petitioner, or her minor children. He owns no property and is entirely dependent upon her for support, the same being derived from petitioner's property and no other source. For years all accounts for provisions and supplies have been charged directly to her, and no credit extended to her husband, but her name is signed to all evidences of indebtedness which creditors may and have often required of her, all of said credit being extended to her upon the exclusive faith of her own property, and in the cultivation and management of her lands she always supplied and paid for whatever was used, and alone has the care and support of herself and minor children. Her husband is unable to do hard work of any kind. Therefore she alleges that she is the head of a family consisting of herself, her husband, and six minor children. By deed executed to her husband as trustee for herself and minor children, attached as an exhibit, she owns a life-estate of an undivided half-interest in certain land, and by inheritance through her father's will, a fee simple estate in the other half. She desires to have this land set apart as a homestead under the constitution of 1877, and also to have set apart the personal property embraced in a schedule attached, which is all the personal property belonging to her. She also attached a schedule

of the names and post-offices of her creditors. This application was verified by her affidavit to the schedules; and amended by alleging that she has upon her hands the care, support and maintenance of her four minor girls, naming them and giving their ages, her husband having no property of his own from which he can support them and being physically unable to do so.

The caveat was that applicant was not entitled to homestead and exemption, because neither the head of a family, guardian or trustee of minor children, an aged or infirm person, nor a person having the care and support of dependent females of any age. The demurrer was similar to the caveat.

W. B. & S. T. WINGFIELD, by brief, for plaintiff in error.

JOSEPH S. TURNER, by brief, *contra*.

LUMPKIN, Justice.

In the case of *Neal* v. *Sawyer et al.*, 62 *Ga.* 352, this court decided that a wife living with her husband could not be the head of the family. It is expressly declared in section 1753 of the code that the husband is the head of the family, and this, we apprehend, is still the law, notwithstanding the passage of the act of 1866 declaring that all property of the wife should be and remain her separate estate, the provisions of which act were afterwards incorporated in the constitution of 1868 and the present constitution. Consequently, we find no difficulty in holding that a married woman living with her husband as a member of his family is not entitled, even under the present constitution, to have a homestead set apart to her as the head of a family, out of her separate estate, notwithstanding the fact that the husband may be physically unable to work and possessed of no property nor means of support.

The homestead passed upon in the case *supra* was set apart under the constitution of 1868, which allowed the

right to take a homestead only to each "head of a family, or guardian or trustee of a family of minor children." The constitution of 1877 not only allows this right to such persons as are described by the words just quoted, and in the same identical language, but adds other classes of persons who may take the benefit of its homestead provisions, including any "person having the care and support of dependent females of any age, who is not the head of a family." No reason occurs to us why a married woman having a separate estate, and minor daughters dependent upon her for a support, does not fall within both the spirit and letter of these words, notwithstanding the fact that she may be residing with her husband. This court evidently took this view when it had under consideration the case of *Robson* v. *Walker et al.*, 74 *Ga.* 823. It is true that the question with which we are now dealing was not then before the court, but in the second head-note it was strongly intimated that the applicant, who was a married woman, would have been entitled to take a homestead if the allegations of her petition had brought her within the class above indicated. We now adopt that intimation as the true law of the question, and rule accordingly.

This does not conflict with the ruling made in *Bechtoldt* v. *Fain et al.*, 71 *Ga.* 495, to the effect that "a married woman cannot have a homestead set apart out of her own property, unless she is living separate and apart from her husband," because that case arose under the constitution of 1868, which, as we have seen, makes no provision for the allowance of homesteads in cases of this kind. This fact, though it does not appear by the official report, we have ascertained by reference to the original record in that case, now on file in the office of the clerk of this court.

In the case first above cited as authority for the proposition that the wife is not the head of the family, it

appears that the husband had already exempted the whole of his property before the wife applied for a homestead out of her separate estate, and thereupon Chief Justice WARNER observed: "The same household cannot have two separate homesteads or exemptions, one secured by the husband in his property, and the other by the wife in hers." Relying upon this language of the Chief Justice, counsel for the defendant in error argue that if Mrs. Johnson's application is allowed, it would be possible for the family in the present case to enjoy the benefits of two separate and distinct homesteads created from different estates, because if Mr. Johnson should hereafter acquire property, he could take a homestead in it; and thus this family, or at least the female members of it, would be beneficiaries at the same time of two separate and distinct homesteads. Granting that he could, in the event he should hereafter own property, exercise his constitutional right to have a homestead set apart out of the same, it would follow that the homestead taken by Mrs. Johnson would cease and determine, if, in consequence of the acquisition and exemption of property by her husband, her daughters no longer remained dependent upon her. A homestead ceases whenever its beneficiaries no longer belong to the class for whose benefit such homestead could be set apart, and Mrs. Johnson's homestead (if allowed) might terminate, if for any reason her daughters ceased to be dependent upon her, irrespective of the question whether Mr. Johnson should subsequently acquire property and exempt it or not. Administering the constitution according to its true intent and spirit, there can arise no serious difficulty because of a state of affairs which the argument of the learned counsel anticipates as a mere possibility.

It will have been observed that Mrs. Johnson's application fails to state that her minor daughters are in fact

v 90 50

"dependent." The omission of this vitally important word is fatal to the application as it now stands ; but as counsel on both sides, in their able and well-prepared briefs, discussed the case as if this word were in the application, we deem it proper to allow Mrs. Johnson, if she can do so consistently with the truth, to amend her application by supplying this absolutely essential allegation. Upon the case as it stood before the trial judge, he correctly decided that the application was demurrable, and rightly ordered it to be dismissed. His judgment is therefore affirmed ; but under the direction we have given, the case may be reinstated and proceed to a hearing on the merits, if the necessary amendment is made.

*Judgment affirmed, with direction.*