## SPARKS *et al. v.* SHELNUTT.

*Lumpkin, J.*—1. A married woman having the care and support of her dependent daughters, though not the head of a family, is, under the present constitution, entitled to an exemption from levy and sale of property belonging to her separate estate.  *Johnson* v. *Little,* 90 *Ga.* 781.

2. The exemption in the present case was valid, and the court
   erred in holding otherwise.        *Judgment reversed.*
   November 2, 1896.  Argued at the last term.

*Certiorari.*    Before Judge Harris.    Carroll superior
court.    October term, 1895.

An execution in favor of N. Shelnutt against M. J. &
M. P. Sparks, based on a judgment of April 19, 1894, was
levied on 1,500 pounds of cotton in the field unpicked, as
the property of defendants in *fi. fa.*    Mrs. M. P. Sparks,
for herself and her two minor children Luna and Ada,
interposed a claim, which was tried before a jury in a mag-
istrate's court, and there was a verdict finding the property
subject.    By *certiorari* claimant alleged that the verdict
was contrary to the law and the evidence.    The only issue
passed on by the superior court, and conceded to be the
only and controlling issue, was the validity of the home-
stead hereinafter mentioned.    The *certiorari* was over-
ruled, and claimant excepted.

Upon the trial before the jury plaintiff put in evidence
the execution and levy, and evidence that the property
levied upon was in the possession of the defendants in *fi.
fa.* at the time of the levy.    Claimant put in evidence her
petition for homestead.    This petition set out that peti-
tioner is the wife of Moses Sparks, is a citizen of Carroll
county (where the application was made); that her hus-
band refused to apply for a homestead; that she had two
minor children, Luna sixteen years old, and Ada thirteen
years old; that neither she nor her husband had any real
estate, but desired to have exempted the personal property
embraced in a schedule attached, belonging to her husband
and herself; that this schedule contained a minute and
accurate description of all the personal property belonging
to her and her husband, and another schedule attached con-
tained a correct list of the names of post-offices of the
creditors of herself and her husband.    Among other things

in the schedule of property was the item 3600 pounds seed-cotton, 1200 picked out and 2400 pounds growing in the field, cultivated this year by Moses and Martha P. Sparks. The affidavit made by the applicant stated that the property all belonged to her, and that she did not personally owe anybody except the creditors whose names appeared on the schedule of creditors and whose post-offices were correctly given. Also, affidavit of M. J. Sparks, that he had given notice in writing personally to all but one of these creditors; and the written statement of the ordinary that notice was published and written notice mailed to the other creditor as required by law. Also, an amendment to the petition for homestead, in which it was stated that the minor children, notwithstanding they lived with petitioner and her husband, are indigent and dependent upon petitioner for a support, by reason of the physical weakness of her husband, which renders him almost unable to do physical labor, and such labor is nearly all that he can do; that all the property mentioned in the schedule belongs to petitioner and not to her husband. This amendment was made the day that the application was granted, November 12, 1894. Mrs. Sparks testified that the cotton levied upon was part of the 3600 pounds of cotton mentioned in the schedule.

*Reese & Jones*, for plaintiff in error.