## BURT *v.* STOCKS COAL COMPANY.

A dentist's chair is not exempt from levy and sale as a "common tool of trade," nor as a chair suitable for the use of the family, under the Civil Code, § 2866, par. 5. 8.

Argued February 22, — Decided March 3, 1904.

Certiorari. Before Judge Lumpkin. Fulton superior court. April 29, 1903.

An execution in favor of Stocks Coal Company against W. P. Burt, a dentist, was levied upon a dentist's chair, which was claimed as exempt both as a chair and as a common tool of trade of himself under the statutory or short homestead. Civil Code, § 2866, par. 5, 8. The schedule of exempted property included "1 dental chair (tool of trade), $75.00, 1 lounge, 2 tables, 6 chairs, one carpet, and other office fixtures, wearing apparel, $50.00," besides other property not material to the questions here involved. The property was found not subject to the execution. The judge of the superior court sustained a certiorari, and Dr. Burt excepted.

*L. R. Ray*, for plaintiff in error. *W. H. Terrell*, contra.

LAMAR, J. (after stating the foregoing facts.) It is not necessary to determine whether Civil Code, § 2866, par. 8, was intended to make a distinction between trade and profession; for the phrase "common tools of trade" therein has uniformly been construed to refer, not to tools in common use by the debtor regardless of their value, but to those simple and inexpensive appliances used in his

trade.   *Lenoir* v. *Weeks*, 20 *Ga.* 596; *Kirksey* v. *Rowe*, 114 *Ga.* 893.   Nor does the dentist chair come within the Civil Code, § 2866, par. 5, exempting "one table and set of chairs sufficient for the use of the family."   Indeed it was not so scheduled when the petition was filed.   The chair may be set apart, as exempt from levy and sale, under the Civil Code, § 2827, but not under § 2866.

*Judgment affirmed.   All the Justices concur, except Simmons, C. J., absent.*