## Wood *v.* Wood *et al.*

Hines, J. 1. Property exempted under the Civil Code, § 3416, is for the use and benefit of the family of the debtor from whose estate said property has been exempted (§ 3424). Where the husband is in possession, it is for the use of the wife and children, and the wife can recover by possessory warrant property which is taken from him. . *Tucker* v. *Edwards*, 71 *Ga.* 602. A proceeding to enjoin any interference with the right of possession by the beneficiaries of property set apart as a homestead may properly be instituted directly by them. *Pritchett* v. *Davis*, 101 *Ga.* 236 (28 S. E. 666, 65 Am. St. R. 298).

2. Where the head of a family rents land which has been exempted under section 3416, he does so for the use and benefit of his family. If his wife is the sole beneficiary, he does so for her use and benefit. Where he rents land so set apart as an exemption, after abandoning his wife and moving away from the exempted land, his wife can collect the rent, and neither the tenant nor the wife will be liable to the husband therefor. The principle that a tenant can not attorn to another claimant (Civil Code, § 3698) is not applicable, as the tenant in such circumstances will be treated as the tenant of the wife when she is the sole beneficiary of the homestead exemption.

3. The right of the wife to use and enjoy the benefits of this exemption was not adjudicated against her in the former suit between her and the petitioner in this case. *Judgment affirmed. All the Justices concur.*

No. 7767.   October 20, 1930.

390

*W. I. Geer,* for plaintiff.   *J. T. Goree,* for defendants.