Charles Harvey **RIETZ**

v.

C. David **BUTLER.**

Civ. A. No. 14446.

United States District Court,
N. D. Georgia,
Atlanta Division.

Feb. 25, 1971.

Russo & Russo, Atlanta, Ga., for plaintiff.

C. David Butler, pro se.

## ORDER

O'KELLEY, District Judge.

The Complaint in this case asks for declaratory judgment as to unconstitutionality of application of the Georgia law in regard to homestead exemption. The Complaint asks for the convening of a three-judge Court and injunctive relief as to enforcement of the Georgia law.

Plaintiff filed his voluntary petition with the Bankruptcy Court on October 13, 1970 and he was adjudged a bankrupt. Defendant, in this action as trustee of the bankrupt plaintiff's estate, applied to the Referee for a "Turn-over Order" for, *inter alia*, a six-string guitar which petitioner had claimed as an exemption under the homestead exemption laws of Georgia.

The Complaint does not state whether exceptions to the Trustee's report were taken by petitioner, but it is alleged that he is a bachelor without dependents. For this reason, the Referee entered the "Turn-over" order by reason of the Georgia Statutes (Ga.Code Ann. §§ 51–101 and 51–1301) which define the persons entitled to the exemption.

The applicable parts of the statutes read as follows:

"51–101. (3377) What is exempt, and who may claim exemption.—There shall be exempt from levy and sale by virtue of any process whatever under the laws of this State, except as hereinafter excepted, of the property of every head of a family, or guardian or trustee of a family of minor children, or every aged or infirm person, or person having the care and support of dependent females of any age, who is not the head of a family, realty or personalty, or both, to the value in the aggregate of $1,600; and no court or ministerial officer in this State shall ever have jurisdiction or authority to enforce any judgment, execution, or decree against the property set apart for such purpose, including such improvements as may be made thereon from time to time, except for taxes, for the purchase money of the same, for labor done thereon, for material furnished therefor, or for the removal of incumbrances thereon. (Acts 1868, p. 27.)

51–1301 (3416) EXEMPT ITEMS ENUMERATED—The following property of every debtor who is the head of a family shall be exempt from levy and sale by virtue of any process whatever, under the laws of this State, and no valid lien shall be created thereon, except in the manner hereinafter pointed out, but it shall remain for the use and benefit of the family of the debtor: (Act 1822, Cobb, 385. Act 1841, Cobb, 389.)
\* \* \*

(8) Common tools of trade of himself and wife."

Under Section 51–101 and cases interpreting that section, an unmarried person without dependents is not the "head of a household." Cf. Calhoun v. McLendon, 42 Ga. 405 (1871).

Plaintiff alleges that his guitar is exempt as a tool of his trade, but he does not allege that his vocation is as a musician.

Plaintiff's chief complaint is that he is not allowed exemptions because he is not the head of a household as defined by the Georgia law, and the Georgia Statutes are therefore, unconstitutional as applied to him because he is denied equal protection under the law.

With these premises laid, the Court looks to whether a guitar, even if used by plaintiff in full-time employment and for his principal income, would be exempt as a common tool of his trade. If it is not so exempt, the Court is of the opinion that plaintiff would have no standing to contest the "Turnover" order nor the Statute in issue. For if it is not exempt, neither the head of a household nor one not the head would be in a position to claim it.

"The word 'tools' is defined to be some simple instrument used by the hand, and the object of the legislature obviously was, to exempt articles of small value and of frequent and daily

use by a poor mechanic, upon whose *manual* occupation of these tools his family depended for a subsistence. It was never intended that the debtor should be protected in carrying on an extensive trade with a large capital, even in tools, while his creditor was suffering for the money justly due him." Lenoir v. Weeks, 20 Ga. 596 (1856). The phrase "common tools of trade" has been uniformly construed to refer not to tools in common use by the debtor regardless of their value, but to those simple and inexpensive appliances used in his trade. Cf. Lenoir, P. 596 and Kirksey v. Rowe, 114 Ga. 893, 40 S.E. 990 (1902).

■ · In the case of Kirksey v. Rowe, where the debtor used a horse and trappings in the dray business the Court ruled that a harness, even though so used was not exempt. It noted that words used in a statute should be given their ordinary signification. The Court expressly referred to musical instruments as being exempt under some statutes. But this is not so under the Georgia law for the "word 'tool' was intended to have a more restricted interpretation in Georgia * * * by the fact that under our law looms, spinning wheels * * * are specifically exempted." Thus, it is apparent that the Legislature intended the phrase "common tools of trade" to be understood in its normal sense.

■ On this question the Court holds that a guitar does not come within the exemption and upon that basis plaintiff has no standing to contest the "Turnover" order nor Section 51–1301.

■ As to the intertwined contention by plaintiff that the statutes are unconstitutional as applied in that they arbitrarily and capriciously discriminate between heads of families and persons who live alone, we can find no merit. There is no denial of equal protection of the laws in violation of the Fourteenth Amendment to the Constitution. Nor, is there any unlawful taking of the guitar without due process of law in violation of the Fifth and Fourteenth Amendments * * *

■ A three-judge Court is required by 28 U.S.C. § 2281 only where the claim of unconstitutionality involves a federal issue that is substantial and unsettled. Cf. Ex parte Poresky, (1933) 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152. The same requirement of substantiality is required for the declaratory judgment action under 28 U.S.C. § 2284.

The Court is of the opinion that the issue involved here is not substantial and is settled under prior decisions.

The claim that the statutes in question are arbitrary and capricious does not carry much weight when contrasted with the purpose of the exemption statutes and decisions fortifying that purpose.

■ The purpose and reason for the enactment of the exemption statutes was to allow the family of the debtor to retain at least some items of his possessions in order that the family might have the barest essentials for human existence. The statutes were not meant to penalize the creditor but, on the other hand, neither to dehumanize the persons who needed the protection the most—the dependents of the breadwinner.

Thus, the legislature intended two classifications. First, the dependent and secondly, the independent. As to the State's right to create such classifications see McGowan v. State of Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961).

Without citing numerous cases, it is sufficient to briefly show that Georgia courts have applied the law according to the purpose for which it was intended without arbitrariness or capriciousness.

For instance, where a father applied for homestead for himself and his married daughter who he stated lived with him when he made a claim for such, the Court said he was not entitled to homestead as head of a family because he was not the head of a family when he made the application, but became such after

the application, and interposition of such as a defense against a levy upon his property was denied. Walker v. Thomason, 77 Ga. 682 (1886).

The basis for the homestead exemption was set out in Wood v. Wood, 171 Ga. 389, 155 S.E. 678 (1930), when the Court stated that property exempted under Ga.Code § 51–101 is for the use and benefit of the family of the debtor, to the extent that she may enjoy the benefit thereof even though he should abandon her.

In a situation where a mother with dependent daughters applied for the exemption, the Court noted that the statute provided for such. Sparks v. Shelnutt, 99 Ga. 629, 25 S.E. 853 (1896) Cf. Johnson v. Little, 90 Ga. 781, 17 S.E. 294 (1892).

The law as applied does not raise a substantial question because it provides for the welfare of those who are dependent on the person who heads the household.

█ The classification under the statute is that one be the head of a family or otherwise care for and support others dependent upon him. The classification is as to those parties who support others within the confines of the home. Even one who supports another who lives outside the home is not necessarily the head of the family so as to bring him within the exemption. On the other hand, just because a bachelor has servants living with him does not entitle him to the exemption. Nor, as we understand the law, would one be entitled to the exemption merely because relatives lived with him if they were not dependent upon him. In regard to our reasoning, see In re McGowan, 170 F. 493 (D.C., S.C., 1909); 35 C.J.S. Exemptions § 20.

Thus, the classification is not as to whether the debtor lives alone or with others, but whether he is the head of a family or supports minors, aged, infirm, or dependent females of any age. There is no evidence of such in plaintiff's Complaint. Therefore, the law as applied to plaintiff does *not raise* a substantial federal question and is in fact settled. The classification is reasonable and is not arbitrary or capricious. For the reasons enumerated herein, the Court must decline to grant the relief prayed for by plaintiff.