**In the Matter of Aaron Samuel CURRY and Betty Mae Curry, Debtors.**

**Aaron Samuel CURRY and Betty Mae Curry, Plaintiffs,**

v.

**DIAL FINANCE CORP., Defendant.**

**Bankruptcy No. 81–04587A.**
**Adv. No. 81–2253A.**

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

March 18, 1982.

Edward A. Pilkington, Decatur, Ga., for plaintiffs.

Thomas F. Borcher, Bailey & Borcher, Decatur, Ga., for defendant.

## MEMORANDUM OF OPINION

A. D. KAHN, Bankruptcy Judge.

The question presented was whether the creditor's lien on a 1970 Ford pickup truck owned by the debtor could be avoided pursuant to 11 U.S.C. § 522(f)(2). A hearing was held on January 20, 1982, and the parties subsequently submitted letter briefs. The court hereby makes the following findings of fact and conclusions of law.

The debtor is a tile setter and works as a subcontractor. He uses the pickup, now valued at approximately $800.00, to haul tools and materials to job sites. He testified that he would have no job or trade without the truck. His wife owns a 1972 Pontiac.

The provision of law on which the debtor relies states in part:

... the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

... a nonpossessory, nonpurchase-money security interest in any—

... implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; ....

11 U.S.C. § 522(f)(2)(B).

Notably, there is *no* provision for avoidance of liens on motor vehicles.

Section 522(f)(2) requires determination of the question whether the pickup truck is a tool of the trade of the debtor under Georgia law. The Georgia exemption law provides in part:

... any debtor ... may exempt ... the following property: ...

(7) The debtor's aggregate interest, not to exceed $500 in value, in any implements, professional books, or tools of the trade of the debtor ....

*Ga.Code Ann.* § 51–1301.1 (Supp.1981).

A separate provision addresses the exemptions permitted for motor vehicles. *Ga. Code Ann.* § 51–1301.1(a)(3) (Supp.1981).

The court has found no case in which "tools of the trade" as used in *Ga.Code Ann.* § 51–1301.1, *supra*, has been construed. However, the Georgia courts have construed that term as used in *Ga.Code Ann.* § 51–1301 (1979), an alternate exemption provision which permits a debtor to exempt "Common tools of trade." In *Kirksey v. Rowe*, 114 Ga. 893, 895, 896, 40 S.E. 990 (1902), the Supreme Court of Georgia stated:

As a general rule, words used in a statute should be given their ordinary signification [citation omitted] .... In the case of *Lenoir v. Weeks*, 20 Ga. 596, ... Judge Lumpkin said (page 597): "The word tool is defined to be some simple instrument used by the hand, and the object of the legislature evidently was to exempt articles of small value and of frequent and daily use by a poor mechanic upon whose manual occupation of these tools his family depended for subsistence. It was never intended that the debtor should be protected in carrying on an extensive trade with a large capital, even in tools, while his creditor was suffering for the money justly due him.

In *Burt v. Stocks Coal Co.*, 119 Ga. 629, 630, 46 S.E. 828 (1904), it was stated:

... the phrase "common tools of trade" therein has uniformly been construed to refer, not to tools in common use by the debtor regardless of their value, but to those simple and inexpensive appliances used in his trade.

*See also Rietz v. Butler*, 322 F.Supp. 1029 (N.D.Ga.1971).

Thus, in Georgia a tool of the trade is an implement used by a person in that person's work. Tools of the trade may be far more sophisticated today than they were when the Supreme Court of Georgia considered the question, but the term still contemplates that the person uses the tool with his hands, and that the person's work requires some degree of manual skill. The tools used by the debtor in his work as a tile setter might well be classified as tools of the trade for bankruptcy purposes.

It is not reasonable to conclude that a vehicle used by the debtor to go to job sites, and even to carry his tools, is a tool of the trade within the meaning of Section 522(f) of the Code and Georgia law. The vehicle is used for transport to work, which is clearly distinguishable from manual use of a tool by the debtor at work. Moreover, the Code simply does not generally authorize avoidance of liens on motor vehicles. Avoidance of the lien under these circumstances would open a Pandora's box. The court concludes that the pickup truck is not a tool of the trade of the debtor and that the lien may not be avoided.

The creditor also raised certain constitutional objections at the hearing. This court has ruled previously that Section 522(f) may be constitutionally applied to avoid security interests which came into being prior to November 5, 1978, the date of the enactment of the Bankruptcy Reform Act of 1978, 11 U.S.C. § 101 *et seq.* The creditor's objections are without merit. *Colette v. Beneficial Finance Co. (In re Colette)*, Case No. 81–0963A (N.D.Ga.1981).

An order and judgment shall be entered contemporaneously herewith.