Selden, J.
As the only objection which can be taken to the complaint upon this demurrer is, that it does not contain facts sufficient to constitute a cause of action, it is entirely immaterial whether the action be considered as in form ex contractu or ex delicto. The only question is, whether upon the facts stated, the plaintiff can maintain an action in any form.
The plaintiff cannot, I think, avail himself of the contrac between the defendant and the government, so as to make that the gravamen of bis complaint, and the foundation of a recovery. This is not like the cases in which a third person has been permitted to recover upon a contract made by another party for his own benefit. The distinction between them is plain. Those were cases where the defendant, for a consideration, received from the party to the contract, had undertaken to do something ostensibly and avowedly, for the direct benefit of the plaintiff, and when the advantage to the latter was one object of the agreement. Here the parties had no such intention. In contracting for the transportation of the mail agent, the parties had no more in view any benefit or advantage to him, than if the contract had been to transport a chattel. The government took care of the public interests, and left those of the mail agent to such protection as the law would afford.
Another distinction is, that in the cases referred to, the party claiming the benefit of the contract, and seeking to onforce it, was one who was specifically mentioned and pointed out in the contract itself, while here no one is designated; and to entitle the plaintiff to recover upon it, it must be regarded as a shifting contract, which can be made to enure to the benefit of any person who may temporarily assume the duties of mail agent. I think there is no precedent for such a construction of such a contract.
If, then, the plaintiff can recover at all, it must be upon the ground of some implied contract, or of some legal obligation or duty resting upon the defendants, to exercise *446 proper care and skill in the transportation of passengers < and the question is, whether, under the circumstances of this case, such a contract is implied, or such a duty imposed for the benefit of the plaintiff.
It would seem a startling proposition, that in all those cases where persons travel upon railroads engaged not in their own business, but that of others, and where their fare is paid by their employer, they are entirely at the mercy of the railroad agents, and without redress, if injured through their recklessness and want of care and skill. If, however, railroad companies are liable, in cases like the present, .it is important to ascertain the precise nature and extent of that liability.
In the first place, then, it is clear that they are not liable, by virtue of that custom or rule of the common law, which , imposes special and peculiar obligations upon common carriers. Persons engaged in the conveyance of passengers, are not common carriers, within the meaning of that rule, which .applies solely to those whose business it is to transport goods. (Bac. Abr., tit. carriers ; 2 Kent’s Com., § 40; Story on Bail, § 498, and note.)
If the complaint in this case, after stating that the defendant was a carrier of passengers and freight from Greenbush to Boston, for hire and reward, had simply averred that the plaintiff became a passenger in the cars of the defendant, and was so received by it; an implied contract would have arisen on the part of the defendant, to transport the plaintiff, .with all due diligence and skill; because the law would have inferred from those facts, that the defendant was to receive a compensation from the plaintiff himself. But this inference is repelled by the contract set forth, and the statement that the plaintiff was received as.a passenger under it.
It was suggested by the plaintiff’s counsel, upon the argument, that a contract might be implied, of which the agreement, between the defendant and the government
*447 should form the consideration and basis. But although that agreement may be resorted to, for the purpose of showing that the plaintiff became a passenger upon the cars by the consent of the defendant, and not as a mere intruder, it cannot, I think, be made available by the plaintiff, as the consideration of an implied assumpsit. As to him, that agreement is res inter alios acta. He is not a party to it, or mentioned in it. His employment by the government may have taken place long after the agreement was made, and have had no reference to it. If any contract can be implied from that agreement, in favor of the plaintiff, it must be a contract to transport him from place to place, according to the terms of the agreement. Suppose, then, the cause of action, instead of being for an injury received through the negligence of the defendant, had been for not furnishing the necessary cars, or not running any train, could the plaintiff recover in such an action? Would the defendant be liable for its failure to perform the contract, not only to the party with whom the contract was made, and from whom the consideration was received, but to a third party not named in it, and from whom they had received nothing ? No one would claim this.
It may be said that the implied contract with the plaintiff, is limited to an undertaking to transport safely or with due care. It is difficult to see, however, how there can be a contract to transport safely where there is no contract to transport at all. My conclusion therefore is, that this action cannot be maintained upon the basis of a contract express or implied.
It necessarily follows, that it must rest exclusively upon what obligation which the law always imposes upon every one who attempts to do any thing, even gratuitously, for another, to exercise some degree of care and skill in the performance of what he has undertaken. The leading case on this subject, is that of Coggs v. Bernard (Ld. Ray., 909). There the defendant had undertaken to take several hogs *448 heads of brandy belonging to the plaintiff, from one cellar in London, and to deposit them in another; and in the process of moving, one of the hogsheads was staved and the brandy lost, through the carelessness of the defendant or his servants. Although it did not appear that the defendant was to receive anything for his services, he was, nevertheless, held liable by the whole court.
The principle of this case has never since been doubted, but there has been some confusion in the subsequent cases as to the true nature of the obligation, and as to the form of the remedy for its violation. In many instances suit have been brought, upon the supposition that an implie contract arises, in all such cases, that the party will exercise due care and diligence; and the language of Lord Holt, i • Coggs v. Bernard, undoubtedly gives countenance to the idea. He seems to treat the trust and confidence reposed-as a sufficient consideration to support a promise. This doctrine, however, can hardly be considered as in consonance with the general principles of the common law. In addition to the difficulty of bringing mere trust and confidence within any legal definition of valuable consideration there is a manifest incongruity in raising a contract, to do with care and skill, that which the party is under no legal obligation to do at all.
The duty arises in such cases, I apprehend, entirely independent of any contract, either expressed or implied. The principle upon which a party is held responsible for its violation does not differ very essentially, in its nature, from that which imposes a liability upon the owner of a dangerous animal, who carelessly suffers such animal to run at large, by means of which another sustains injury • or upon one who digs a ditch for some lawful purpose in a highway, and carelessly leaves it uncovered at night, to the injury of some traveler upon the road. It is true, it may be said 'that, in these cases, the duty is to the public, while in the present case, if it exists at all, it is to the individual *449 but the basis of the liability is the same in both cases, viz.,, the culpable negligence of the party. All actions for negligence presuppose some obligation or duty violated. Mere negligence, where there was no legal obligation to use care, as where a man digs a pit upon his own land, and carelessly leaves it open, affords no ground of action. But where there is anything in the circumstances to create a duty, either to an individual or the public, any neglect to perform that duty, from which injury arises, is actionable.
The present case falls clearly within this principle of liability. There can be no material difference between a gratuitous undertaking to transport property, and a similar undertaking to transport a person. If either are injured through the culpable carelessness of the carrier, he is liable. If, according to the case of Coggs v. Bernard (supra), and the subsequent cases, an obligation to exercise care arises in one case, it must also in the other.
It is true that, -according to the authorities, the party m such cases is only liable for gross negligence. But what will amount to gross negligence depends upon the special circumstances of each case. It has been held that, when the condition of the party charged is such as to imply peculiar knowledge and skill, the omission to exercise such skill is equivalent to gross negligence. Thus, it was said by Lord Loughborough, in Shiells v. Blackburne (1 Hen. Bl., 158), that “if a man gratuitously undertakes to do a thing to the best of his skill, when his situation or profession is such as to imply skill, an omission of that skill is imputable to him as gross negligence.”
The same doctrine is advanced by Parke, B., in Wilson v. Brett (11 Mecs. & Wells, 113). He says: “ In the case of a gratuitous bailee, where his profession or situation is such as to imply the possession of competent skill, he is equally liable for the neglect to use it.”
I regard this principle as peculiarly applicable to railroad companies, in view of the magnitude of the interests which *450 depend upon the skill of their agents, and of the utter powerlessness of those who trust to that skill to provide for their own securitiy.
This case is not like that of Winterbottom v. Wright (10 Mecs. & Wells, 109). There the defendant had not undertaken to transport the plaintiff, either gratuitously or otherwise. He was simply bound by contract with the government to furnish and keep in repair the carriages used by the latter-in transporting the mails. The relations of the parties in that case and in this are very different, and the cases cannot be considered as governed by the same principles.
I entertain no doubt that in all cases where a railroad company voluntarily undertakes to convey a passenger upon their road, whether with or without compensation, in the absence, at least, of an express agreement exempting it from responsibility, if such passenger is injured by the culpable negligence or want of skill of the agents of the company, the latter is liable. The matter of compensation may have a bearing upon the degree of negligence for which the company is liable. That question, however, does not arise here. Degrees of negligence are matters of proof, and not of averment. The allegations of negligence in this complaint are sufficient, whether the defendant is liable for ordinary or only for gross negligence.
The judgment should be affirmed.
Brown, J., also delivered an opinion for affirmance.
All the judges concurring,
Judgment affirmed.