## GEORGE S. BAKER *vs.* CHARLES H. WILLIS.

Berkshire.    Sept. 12. — 21, 1877.    ENDICOTT & LORD, JJ., absent.

A cornet of a debtor, who is both a musician and a tinner, and who obtains his sup-
port by playing upon his cornet and by working at his trade, is, under the Gen. Sts. c.
133, § 32, *cl.* 5, exempt from attachment, if the value of the cornet and his tinner's
tools is less than one hundred dollars.

TORT for the conversion of a cornet attached by the defend-
ant, a deputy sheriff, on a writ against the plaintiff, dated Au-
gust 21, 1875.

At the trial by jury in the District Court of Southern Berk-
shire, the plaintiff testified that he was a tinner by trade and
had worked at the business for twenty-eight years, and still
worked at it; that he earned about $15 a week by such trade;
that he was also a musician, and had worked at that business
about fifteen years; and that he always gave a preference to the
business of a musician.  Another witness testified that the plain-
tiff worked for him as a tinner and that he also worked at the
business of a musician, when he had opportunity.  The plaintiff
had owned the cornet about three months prior to the attach-
ment, and in that time had played on it about fifteen times and
had earned some money.  When he played on the cornet he
earned on an average about $5 a night.  He played for balls,
parties, and wherever he had an opportunity.  The value of his
tinner's tools was not over $25, and the value of the cornet was
$25, and these were all the tools the plaintiff owned in both
kinds of business.

The defendant contended upon the evidence that the plaintiff
was not entitled to recover; and asked the judge to rule that " a
cornet of a debtor whose business is that of a tinner, and who
earns his living principally by such business, is liable to attach-
ment, although he occasionally earns small sums with such
cornet; " but the judge declined so to rule, and instructed the
jury that if they found that the plaintiff, although a tinner by
trade and working principally at that trade, earned money as a
musician with his cornet, that was a separate business and trade,
and such cornet was one of his tools in trade, and would be ex-
empt from attachment, provided that such cornet, together with
his tinner's tools, did not exceed $100 in value.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions. In the Superior Court the exceptions were overruled; and the defendant appealed.

*H. J. Dunham,* for the defendant.

*H. C. Joyner,* for the plaintiff.

AMES, J. The obvious design and effect of the law exempting from attachment a debtor's tools and implements of trade, necessary for carrying on his trade or business, and not exceeding one hundred dollars in value, were to secure to handicraftsmen the means by which they are accustomed to earn their livelihood in their respective employments. Gen. Sts. *c.* 133, § 32, *cl.* 5. *Howard* v. *Williams,* 2 Pick. 80. It has been decided that a mechanic does not lose the benefit of this exemption by a temporary suspension of his trade, provided it is with the intention of returning to it when opportunity should offer. *Caswell* v. *Keith,* 12 Gray, 351. It has also been decided that the occupation of a musician is within the meaning of the statute, and that a portable musical instrument used by him in that business is exempt from liability to attachment or seizure on execution. *Goddard* v. *Chaffee,* 2 Allen, 395.

It is true that in *Howard* v. *Williams* a doubt is intimated as to the mode of applying this statutory exemption in the case of a debtor having two distinct trades. And in *Goddard* v. *Chaffee* some importance seems to be attached to the fact that the debtor had no other occupation or employment than that of a musician. But it is well remarked by Mr. Justice Merrick in the latter case, that the word "business," as used in the statute, is "of large signification, and denotes the employment or occupation in which a person is engaged to procure a living." There are some kinds of business, such as ice-cutting and gardening, which can only be carried on during part of the year, leaving the remainder of the time without regular employment. It may also happen, from a general stagnation of business, or from accidental causes, that an artisan may find his usual business insufficiently remunerative for his support. In such cases, the law will not discourage the debtor from the occasional exercise of any other trade or business in which he has skill to supply the deficiency in his earnings. There is nothing in the statute restricting the term "business" inflexibly to a single business.

In *Eager* v. *Taylor*, 9 Allen, 156, it was held that *cl.* 6 of the Gen. Sts. *c.* 133, § 32, in which the exemption of materials and stock necessary for carrying on the debtor's trade or business is provided for, does not strictly limit the exemption to what is commonly pursued as a single trade. See *Pierce* v. *Gray*, 7 Gray, 67. It is difficult to see why a different rule of construction should be applied to the exemption of tools and implements. It may be necessary to the subsistence of a mechanic in a country town that he should have more than one kind of business. All danger of abuse arising from this liberal construction of the statute is fully guarded against by the moderate amount in money to which the exemption is limited.

*Exceptions overruled.*