## RICE v. WADSWORTH.

Mere temporary absence from the state does not deprive a debtor of the benefit of the exemption laws.

Whether chattels are exempt from attachment as tools of the debtor's occupation is a mixed question of law and fact, to be determined upon consideration of the debtor's employment, and the nature, character, and use of the chattels claimed as exempt.

TRESPASS, for taking a horse, team wagon, dump-cart, sled, and a pair of team harnesses. Facts found by a referee. The defendant, as a deputy sheriff, attached and sold the property upon a writ against the plaintiff, who was temporarily absent from the state at the time of the attachment, but returned and demanded the property of the defendant before the sale, claiming it as exempt from attachment. The plaintiff's occupation was teaming. The horse was required for his teaming purposes, and the other chattels attached and sold were kept and used by him in his occupation. All the tools owned by him, including the chattels attached, were not of the value of $100. The referee found the property was exempt.

*Butler*, for the plaintiff.

*E. B. S. Sanborn*, for the defendant.

CLARK, J. If the property claimed by the plaintiff was exempt from attachment, his temporary absence from the state ·did not deprive him of the exemption. *Wilkinson* v. *Alley*, 45 N. H. 551; *Caswell* v. *Keith*, 12 Gray 351; *Pierce* v. *Gray*, 7 Gray 69; *Webster* v. *Orne*, 45 Vt. 40.

. The horse, being required for the plaintiff's teaming purposes, was exempt. *Somers* v. *Emerson*, 58 N. H. 48. The question, whether certain of the plaintiff's chattels were exempt as tools of his occupation, is a mixed question of law and fact. Regard must be had to the nature and character of the debtor's occupation in determining whether chattels claimed to be exempt can be considered tools or implements of his occupation. In *Parshley* v. *Green*, 58 N. H. 271, upon a finding of specific facts, the court decided whether certain chattels were exempt as tools of occupation, and the distinction of law and fact was not alluded to; but in general, in such cases, the question for the court is, whether there is sufficient evidence to sustain a verdict. In this case the referee found, as matter of fact, that the wagon, cart, sled, and harnesses were tools of the plaintiff's occupation. We do not see why the team wagon, sled, and harness of a person engaged in the business of teaming are

not as much tools of his occupation as the plow, cart-wheels, and chains of a farmer (*Wilkinson* v. *Alley*, 45 N. H. 551); a fisherman's net and boat (*Sammis* v. *Smith*, 1 N. Y. 444); a music teacher's piano (*Amend* v. *Murphy*, 69 Ill. 337); a musician's cornet (*Baker* v. *Willis*, 123 Mass. 194); a printer's press, cases, and types (*Patten* v. *Smith*, 4 Conn. 450); or mechanics' tools used by a farmer in repairing his farming implements (*Garrett* v. *Patchin*, 29 Vt. 248); and no error of law appears in the finding.

*Judgment for the plaintiff.*

BINGHAM, J., did not sit: the others concurred.