## TERRY v. McDANIEL.

### (*Knoxville*. November 3, 1899.)

1. EXEMPTION. *Of barber chair and mirror.*

   A large chair and mirror, such as are commonly used in barber shops, are exempt, to the head of a family, from execution for his debts.

2. SAME. *Same.*

   A barber is a mechanic, and as such entitled to exemption from execution for his debts of a chair and mirror used in the prosecution of his trade.

   Cases cited: Story v. Walker, 11 Lea, 515; Waite v. Francioli, 90 Tenn., 191.

---

FROM ROANE.

---

Appeal in error from Circuit Court of Roane County. S. A. ROGERS, J.

WRIGHT & WRIGHT for Terry.

JOHN F. McNUTT for McDaniel.

WILKES, J. This is an action of replevin. It originally involved a barber's chair, a looking glass, and a map of the world. After the battle of Manila, and the close of the Spanish-American war, the map of the world was released, presumably because it had become incorrect, obsolete, and valueless. The contest over the chair and the looking glass, like the war in the Philippines, still continued, however.

The contest arose in this manner. Defendant had obtained a judgment against plaintiff for $5, and some costs. For fear that plaintiff might meet with reverses and become insolvent, she swore out an execution and put it in the hands of an officer, with instructions to make it. He proceeded to obey instructions, and seized the chair and mirror, when plaintiff replevined them. The officer thereupon stepped out and left plaintiff and defendant to carry on the fight.

Plaintiff says he is married, has a wife and two children; that he did not own any other looking glass, and did not have as many chairs as the law allows, counting the barber's chair as one, and he was entitled to hold these necessary articles as exempt to himself as the head of the family. He also says that he is a barber by occupation, and that he allows his customers to sit in this chair and look into this glass while he proceeds to make gentlemen of them, and these, with his razor, are the tools of his trade or occupation, and exempt to him as a mechanic. The chair is not described fully in the agreed statement of facts, nor is the size and finish of the mirror given, except that it was a large one, and hung on the wall. The chair is worth $8, and the mirror $11. It is shown that the plaintiff is a citizen of Roane County, and was engaged in his trade, and had a victim in his chair when the constable seized it, and he did not have any

Terry *v.* McDaniel.

other barber's chair, nor any other mirror of any kind. The Court tried the case without a jury, and thought plaintiff was entitled to the chair and mirror as exempt, and gave judgment for the plaintiff for the costs, inasmuch as the articles had not been taken out of his possession. Defendant has appealed, and assigned errors. She says the chair is not a suitable chair for family use, and that if the plaintiff is as poor as he says he is, that the mirror is too large for him, and counsel says that the mirror is larger than his potato patch. Plaintiff demurs to the first proposition, and says the chair is well suited to raise a family in, but candidly admits that he has not a potato patch half as big as the mirror.

Counsel for plaintiff urges upon the Court that the statute does not say what sort of a chair a head of a family may have, whether a split, cane, or wood bottom, straight back or rocker, nor does it prescribe how large the looking glass may be, and that he is strictly within the letter of the law in claiming these articles. The argument is that the law exempts a horse, and under that head it may be a saddle horse or a harness horse or a race horse, or even a Spanish horse. But if the Court should not agree with him on this proposition, still he insists that he is entitled to these articles as a mechanic, and that they are indispensable tools in his trade. It is argued that no one is a mechanic except a person who works

on wood or metal, but it is replied the barber works upon the head and upon the cheek, so that, while there is a distinction between the two, it seems to be a distinction without any material difference. Attention is called to the fact also that frequently the impression made on the customer's face is similar to that made by a carpenter with his saw. This appears, however, to be owing more to the razor than the chair or mirror, but (for prudential reasons, no doubt), the constable didn't seize the razor. In *Story* v. *Walker,* 11 Lea, 515, it was held that a photographer was not a mechanic but an artist, and one of such quality that the law required him to pay a privilege tax, and take out license before he could follow the business. But the Legislature has not yet reached the point where they require barbers to pay a privilege tax. Possibly they may have been overlooked up to this time.

In the case of *Waite* v. *Franciola,* 6 Pickle, 191, it was held that a house and sign painter was both a mechanic and a laborer. The argument is that if a man who spreads paint on a board, and makes it more attractive, is a mechanic and laboring man, another man who spreads soap on the face and makes it more presentable, is likewise a mechanic and laboring man.

We must confess that we are not able to answer such logic as this. To look at him, the barber appears to be a professional gentleman, and

we feel much hestitation in classing him with mechanics, except upon his own request.

The decisions of the several States are by no means uniform as to who may be classed as mechanics, and what may be treated as mechanics' tools.

Thus, in Michigan, a dentist is a mechanic. *Maxon* v. *Perrott,* 17 Mich., 332. But in Mississippi he is not. *Whitcomb* v. *Reid,* 31 Miss., 567.

A pool table in a saloon is held not to be a tool, upon the ground that the saloon could run without a pool table and a pool table could be run without a saloon, but not very successfully. *Goozen* v. *Phillips,* 49 Mich., 7.

In *Baker* v. *Willis,* 123 Mass., 194, it was held that a tinner was entitled to a cornet horn, as well as his working tools, and this was on the idea that while he carried on his trade with his tools occasionally, his chief occupation was blowing the horn.

In Illinois it was held that a piano was a tool necessary to a music teacher. *Annud* v. *Murphy,* 69 Ill., 337.

And in Massachusetts, that a fiddle and bow were exempt as tools necessary to a fiddler's occupation. *Goddard* v. *Chaffee,* 2 Allen, 395. And so also in New Hampshire. *Wilkinson* v. *Alley,* 45 N. H., 452. And that a mirror was absolutely necessary to the occupation of a milliner.

Now, if a mirror was as necessary to a man as to a woman, this case would be conclusive as to the mirror, but does not touch the question of the chair.

In New York a fisherman's boat and net were held to be tools of his trade. *Sammis* v. *Smith,* 1 N. Y. (T. & C.), 144. So, also, a rope used as a boatman's tow line. *Fields* v. *Moul,* 15 Abb., 6. Also a gun in the hands of a hunter. *Choate* v. *Reddings,* 13 Tex., 581.

And in Vermont, it is expressly decided that a barber's chair is exempt as a tool. *Allen* v. *Thompson,* 45 Vt., 172. And in Texas, that a chair, mirror, and table are barbers' tools. *Fore* v. *Cooper,* 34 S. W. Rep., 341.

The cases all hold that the exemption law must be liberally construed to preserve the exemption.

Now, there can be no doubt that the law exempts a chair, and there is none that a barber's chair is a chair. There can be no doubt that the law exempts a looking-glass, and a mirror on the wall is a looking-glass, so that defendant comes within the letter of the law.

We think also, that, at his request, he must be classed as a mechanic and laborer, as well as orator and news agent, and is therefore within the spirit of the law, and is entitled to the exemption.

We therefore affirm the judgment of the Court below, with costs.