In re Laura J. LINDSAY, DBA Laura's Handmade Fashions, Debtor.

Laura J. LINDSAY, DBA Laura's Handmade Fashions, Plaintiff,

v.

U.S. BANK, Defendant.

Bankruptcy No. 682–07492.

Adv. No. 682–7233.

United States Bankruptcy Court, D. Oregon.

April 1, 1983.

Barry L. Taub, Eugene, Or., for plaintiff.

Randall Bryson, Eugene, Or., for defendant.

MEMORANDUM OPINION

C.E. LUCKEY, Bankruptcy Judge.

Plaintiff-debtor has filed this adversary proceeding to avoid a non-purchase money lien held by the defendant bank on a 1975 Ford Mustang automobile, which the debtor claims is avoidable under Section 522(f)(2)(B) of the Bankruptcy Code as exempt "tools of trade".

The debtor has claimed the vehicle as exempt in her bankruptcy petition under the provisions of O.R.S. 23.160(1)(d).

O.R.S. 23.160(1) provides:

"(1) All property, including franchises, or rights or interest therein, of the judgment debtor, shall be liable to an execution, except as provided in this section and in other statutes granting exemptions from execution. If selected and reserved by the judgment debtor or the agent of the judgment debtor at the time of the levy, or as soon thereafter before sale thereof as the same shall be known to the judgment debtor, the following property, or rights or interest therein of the judgment debtor, except as provided in ORS 23.220, shall be exempt from execution:"

O.R.S. 23.160(1)(d) provides:

"(d) A vehicle to the value of $1,200. As used in this paragraph 'vehicle' includes an automobile, truck, trailer, truck and trailer or other motor vehicle."

O.R.S. 23.160(1)(c) provides:

"(c) The tools, implements, apparatus, team, harness or library, necessary to enable the judgment debtor to carry on the trade, occupation or profession by which the judgment debtor habitually earns a living, to the value of $750.00. Also sufficient quantity of food to support such team, if any, for 60 days. The word 'team' in this paragraph does not include more than a span of horses or mules."

The debtor did not in her bankruptcy schedules seek to have the vehicle set aside under the provisions of O.R.S. 23.160(1)(c) but claimed it exempt under Section 23.-160(1)(d) in the amount of $1,000.00.

■ Apart from the fact that the debtor does not appear to have selected and reserved the vehicle under the characterization and provision she now seeks to apply it, the Court cannot find that this vehicle should be treated as a tool of trade.

The debtor's principal business was that of a clerk for Southern Pacific Company. She testified that she used the vehicle in part for transporting materials purchased in the side-business of sewing swim suits and other items and delivering them to fairs for showing and sale, and to customers, and for transportation to and from her employment.

This Court is not prepared to say that in no circumstances can a vehicle be treated as a tool of trade, but is of the opinion that the Oregon legislature did not intend a vehicle as described in O.R.S. 23.160(1)(d) to be allowable under O.R.S. 23.160(1)(c) unless it is uniquely suited for and principally used in connection with a principal business activity. See *In re Langley,* 21 B.R. 772 (Bkrtcy.Me.1981); *Matter of Curry,* 18 B.R. 358 (Bkrtcy.Ga.1982).

The Oregon statute enables a debtor to claim a vehicle exempt to a value of $1,200.00.

The tools of trade exemption is limited to $750.00. This makes appropriate the application of the court's ruling in *Matter of Curry,* supra at p. 359, 360:

"In *Kirksey v. Rowe,* 114 Ga. 893, 895, 896, 40 S.E. 990 (1902), the Supreme Court of Georgia stated:

'As a general rule, words used in a statute should be given their ordinary signification [citation omitted] .... In the case of *Lenoir v. Weeks,* 20 Ga. 596, ... Judge Lumpkin said (page 597): "The word tool is defined to be some simple instrument used by the hand, and the object of the legislature evidently was to exempt articles of small value and of frequent and daily use by a poor mechanic upon whose manual occupation of these tools his family depended for subsistence. It was never intended that the debtor should be protected in carrying on an extensive trade with a large capital, even in tools, while his creditor was suffering for the money justly due him. [sic.]'

"Thus, in Georgia a tool of trade is an implement used by a person in that person's work. Tools of the trade may be far more sophisticated today than they were when the Supreme Court of Georgia considered the question, but the term still contemplates that the person uses the tool with his hands, and that the person's work requires some degree of manual skill. The tools used by the debtor in his work as a tile setter might well be classified as tools of the trade for bankruptcy purposes.

"It is not reasonable to conclude that a vehicle used by the debtor to go to job sites, and even to carry his tools, is a tool of the trade within the meaning of Section 522(f) of the Code and Georgia law. The vehicle is used for transport to work, which is clearly distinguishable from manual use of a tool by the debtor at work. Moreover, the Code simply does not generally authorize avoidance of liens on motor vehicles. Avoidance of the lien

under these circumstances would open a Pandora's box. The court concludes that the pickup truck is not a tool of the trade of the debtor and that the lien may not be avoided."

The debtor in this case had not indicated any reportable taxable income from her asserted secondary business, and the vehicle was not specially or uniquely equipped as specially adapted to or necessary for the claimed sewing trade.

█ The debtor properly claimed the vehicle as exempt under the provision of O.R.S. 23.160(1)(d).

Notably Section 522(f)(2) of the Bankruptcy Code makes no provision for avoidance of liens on motor vehicles, and therefore the debtor is not entitled to avoid a consensual lien on the 1975 Ford Mustang automobile.

Each party shall bear its or her attorney fees and costs in the proceedings.

This Memorandum Opinion contains the Court's Findings of Fact and Conclusions of Law and pursuant to Bankruptcy Rule 752 they will not be separately stated.

Separate Judgment consistent herewith will be entered.