## In the Matter of Robert C. BANNON and Wanda Bannon, Debtors.

**Bankruptcy No. 89–04251.**

United States Bankruptcy Court, D. Idaho.

July 18, 1990.

Stephen W. French, Boise, Idaho, for debtors.

Barry Zimmerman, Meridian, Idaho, trustee.

## MEMORANDUM OF DECISION

JIM D. PAPPAS, Bankruptcy Judge.

The Court took under advisement an objection by the Chapter 7 Trustee to the

Debtors' claim of an exemption in 400 video cassette tapes as "tools of the trade" under the applicable Oregon statute.[1] The tapes are used by the Debtors in their video tape rental business.[2]

Little Oregon case law exists to assist the Court in resolving this issue. However, language found in one decision was helpful in construing the statute:

> "The word tool is defined to be some simple instrument used by the hand, and the object of the legislature evidently was to exempt articles of small value and of frequent and daily use by a poor mechanic upon whose manual occupation of these tools his family depended for subsistence. It was never intended that the debtor should be protected in carrying on an extensive trade with a large capital, even in tools, while his creditor was suffering for the money justly due him." [quoting with approval *Kirksey v. Rowe*, 114 Ga. 893, 40 S.E. 990 (1902).]

*In re Lindsay*, 29 B.R. 25, 26 (Bankr.D. Ore.1983). In the case cited, Judge Luckey finds a vehicle not exemptible as a "tool of the trade" because it was not "uniquely suited for and principally used in connection with a principal business activity." *Id.* at 26.

Case law dictates that exemption statutes should be construed liberally in favor of the debtor. *See Blackford v. Boak*, 73 Or. 61, 143 P. 1136 (1914). Did the authors of ORS § 23.160(1)(c) have the foresight to envision its application to video cassettes? Hardly, even under an extremely liberal view. The Oregon legislature substantially revised the exemptions available to debtors in 1981, but evidently chose not to broaden the scope of this particular exemption. *See* Perris, Creditors' Rights and Remedies 11–4 (Oregon State Bar, 2d ed. 1990). It is for the legislature and not this Court to expand the protective provisions of the exemption statutes to what is basically these Debtors' inventory.

Debtors' claim of exemption will be denied, and the Trustee's objection sustained by separate order.

---

1. ORS § 23.160(1), provides in pertinent part that a debtor may exempt from execution:
   (c) The tools, implements, apparatus, team, harness or library, necessary to enable the judgment debtor to carry on the trade, occupation or profession by which the judgment debtor habitually earns a living, to the value of $750.

2. Mrs. Bannon operates the video store. Mr. Bannon is employed full-time elsewhere. While the record is unclear which of the two endeavors produces the larger share of the family income, this fact is not dispositive and if otherwise allowable, the exemption may be properly allowed.