**In re Richard PAGE, Debtor.**

**Bankruptcy No. 90–11515.**

United States Bankruptcy Court,
D. Rhode Island.

July 31, 1991.

---

Russell D. Raskin, Raskin & Berman, Providence, R.I., for debtor.

MaryJo Carr, Sheffield & Harvey, Newport, R.I., for Island Trust Co.

Jason Monzack, Kirshenbaum & Kirshenbaum, Cranston, R.I., Trustee.

## DECISION AND ORDER GRANTING DEBTOR'S CLAIM OF EXEMPTION

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on June 13, 1991 on the motion of a creditor, Island Trust Company, to sell the Debtor's personal property, and on the claim of exemption asserted in opposition thereto by the Debtor.

## FACTS

The Debtor claims the full $750 "tools of the trade" exemption in a piano, pursuant to 11 U.S.C. § 522(d)(6). Island Trust and the Chapter 7 Trustee object to allowance of the exemption. The parties do agree, however, that the value of the piano is at least the amount of the statutory exemption provided for in § 522(d)(6), so that the claimed exemption, if allowed, may be taken in full.

On direct examination, the Debtor described his current occupation as a "spiritual lecturer" who, together with several other musicians, "takes songs and dissects them and gives their spiritual meanings out to the people" who attend the paid lectures. Page contends that he cannot deliver these lectures effectively without a piano.

The Debtor also testified that in the past he had worked in the "legitimate theater," and that while he did not list a trade or occupation in his bankruptcy schedules, Page now claims to have been "in the music business" for the last twenty years.

In response to questions from the bench, Mr. Page testified that the above described musical lectures constitute his current main occupation, generating $450 per lecture. Page says he has resumed giving lyric lectures regularly, only since the filing of his petition.

## DISCUSSION

The Trustee objects to the claimed exemption on two grounds: (1) that the Debtor's use of the piano is solely recreational; or in the alternative, (2) that the Debtor is precluded from now claiming the exemption if he was not so occupied or employed on the date of filing, and that he failed to list his "trade" on his schedules.

We reject, because it is contrary to the evidence, the Trustee's argument (as echoed by Island Trust) that the Debtor's use of the piano is purely recreational. There is no testimony, nor did the Trustee offer, or even attempt to elicit on cross-examination, evidence to the effect that Page's use of the piano is not a necessary implement for his present occupation. Although Mr. Page's testimony is not overwhelming, he has met his burden on this issue, by a close call.

We next address whether the Debtor's failure to list a trade or occupation in his statement of affairs is fatal to his right to claim the exemption now. The Trustee cites several cases for this proposition. *See, e.g., In re Rule,* 38 B.R. 37 (Bankr. D.Vt.1983) (exemptions must be based on debtor's trade at time of filing); *In re Johnson,* 19 B.R. 371 (Bankr.D.Kan.1982) (same).

We prefer to apply a more permissive interpretation. In *In re Pommerer,* 10

B.R. 935 (Bankr.D.Minn.1981), the Court held that the debtor's employment as a carpenter at the time of the petition did not preclude him from claiming a tool of the trade exemption in farm equipment, where the testimony indicated that he had been engaged in farming in the past, and where he intended to resume farming as soon as practicable. *Id.* at 942. Likewise, a Debtor is not prevented from claiming a tool of the trade exemption by virtue of a temporary cessation of work in the subject field. *See In re Liming,* 797 F.2d 895 (10th Cir. 1986).

Because these (tool of trade) disputes are fact specific, we should consider the Debtor's pre-petition involvement in the lyric lecture business to determine whether his present engagement in that trade is bona fide, or if it is merely an attempt to salvage an exemption to which he would not otherwise be entitled. The uncontroverted evidence in this case supports the conclusion that the Debtor had been engaged in the music business for a number of years, and that his more recent occupation is just a continuation of that line of work. The piano is necessary to and is used by the Debtor to carry on this chosen trade. *In re Langley,* 21 B.R. 772, 773 (Bankr.D.Me. 1982).

Accordingly, we conclude that the Debtor's failure to list his present occupation on his bankruptcy schedules does not per se defeat his claim to a "tool of the trade" exemption in the piano. Having found that the piano is reasonably necessary to the Debtor's trade, the exemption claimed by Mr. Page is ALLOWED.[1]

Enter Judgment consistent with this opinion.

---

1. Said exemption is allowed conditionally, however, for only as long as Mr. Page's regular occupation remains as he represented it to be herein. In order for the Debtor to retain his entitlement to the piano, he is ordered to submit quarterly reports to the Trustee and to Island Trust Company, as evidence of his continued occupation as a spiritual lyricist. The Debtor's failure to file reports as ordered shall constitute grounds to deny the exemption.

It is, of course, implicit herein that Mr. Page is enjoined from transferring or disposing of the piano, at least while the case is pending before this Court.