In re Michael Jay CARSON, Judy Ann Carson, Debtors.

Bankruptcy No. 95–01261–C.

United States Bankruptcy Court, N.D. Oklahoma.

July 28, 1995.

David A. Carpenter, Tulsa, OK, for debtors.

Dianne Smith, Tulsa, OK, for People's State Bank.

### ORDER ON MOTION TO AVOID LIEN

STEPHEN J. COVEY, Bankruptcy Judge.

On May 2, 1995, the debtors filed their voluntary petition under Chapter 7 Bankruptcy Code. Thereafter, on June 12, 1995 the debtors filed their motion to avoid lien impairing exemption against People's State Bank (hereafter "Bank") pursuant to the provision of 11 U.S.C. Section 522(f).

On June 28, 1995 Peoples State Bank filed its response to debtors' motion to avoid lien impairing exemption.

Also before the Court is the motion filed June 1, 1995 of Bank for modification of the automatic stay and for Order requiring Trustee to abandon property, concerning the collateral which is the subject of the debtors' motion to avoid lien, as well as other non-related property of the estate.

After hearing evidence of two witness sworn, and receiving into evidence various exhibits, and upon taking judicial notice of the contents of the Bankruptcy court file herein, including, but not limited to, the proof of claim filed by Bank, as well as documentation supporting such proof of claim, the court finds and concludes as follows:

### FINDING OF FACT

On February 14, 1994, the debtor, Michael Jay Carson, executed a promissory note in favor of Bank in the total sum of $5,939.75, which promissory note is identified by Bank as note number 604–447–8. This note paid an existing prior note in favor of Bank and executed by Michael Carson, in the sum of $1,904.75, and designated by Bank as note number 602–736–9. Of the remaining loan

proceeds of note number 604–447–8, $54.00 was devoted to such items as filing fees with various local government authorities, $19.00 to Bank as a loan processing fee and a single premium insurance policy in favor of Bank. The total sum of $4,000.00 was deposited into various accounts of the debtor, Michael Jay Carson, which was identified as a business account (account 03–605–6), and a personal account (account number 33–380–8). $3,500.00 of loan proceeds were deposited in the debtor's business account and $500.00 to his personal account.

Bank note 604–447–8 bares in the lower portion of its face the legend "PURPOSE: Purchase Equip".

Security was granted by the debtor to Bank in various items of computer equipment including an Altus 486 DLC–40 computer, keyboard, mouse, 14″ color monitor, Netis 486 DX33 computer, 14″ color monitor, keyboard, mouse, and Panasonic laser printer.

The parties stipulate that the security interest in favor of Bank granted by Carson was a non-possessory security interest, in that the debtor maintained such computer equipment either at his home or at his office, or both. Bank is not, nor has ever been, in possession of any of the items of collateral listed in note number 604–447–8.

Debtor, Michael Jay Carson, testified that the purpose of executing note number 604–447–8 was to obtain operating funds for his law practice, that he owned all items of collateral listed in such note prior to February 14, 1994, that the funds obtained from Bank were not used in purchase of the collateral identified in the note, and that the computer equipment was an indispensable part of his "tools of the trade" in the operation of his Tulsa, Oklahoma law practice.

The debtor identified exhibits which were admitted into evidence without objection consisting of photocopies of a purchaser's receipt of a cashier's check drawn on People's State Bank, Tulsa, Oklahoma in the sum of $1,709.00, made payable to Netis Technology, Inc., bearing the date December 28, 1993. This same exhibit also contained a photocopy of an American Express phone receipt dated July 8, 1993 on debtor's American Express account in favor of Altus Systems, in the sum of $1,315.00.

The debtor further identified an exhibit submitted into evidence without objection consisting of an invoice from Netis Technology, Inc. dated December 22, 1993 indicating purchase of various items of computer equipment with serial numbers matching those found on Bank's note number 604–447–8. Finally, the debtor introduced an exhibit into evidence identified as an invoice from Altus Systems, Inc., dated July 9, 1993 in the amount of $1,315.00, designating purchase by the debtor of various items of computer equipment bearing serial numbers also found on the Bank's note.

Bank's witness, a senior vice president who has dealt with the debtor on a professional basis for between fifteen and twenty years pre-petition, testified to his recollection the debtor advised him that he was using the proceeds from Bank's note 604–447–8 for the purchase of the equipment listed on such promissory note.

■ Considering all the evidence, and the light most favorable to Bank, the Court finds that the debtor has conclusively established that he purchased the computer equipment listed as collateral on the Bank's promissory note prior to his execution of the note on February 14, 1994. The documentary evidence introduced at trial, together with the matching of serial numbers found on the debtor's exhibits with the Bank's promissory note, can lead but to one finding of fact, that the debtor owned the computer equipment identified as collateral in the Bank's promissory note from between three to six months prior to executing the promissory note.

The court, therefore, finds that the proceeds of Bank note 604–447–8 were not used to acquire the collateral identified therein, and that although the debtor granted to Bank a security interest in the computer equipment, the same is not a purchase money security interest.

## CONCLUSIONS OF LAW

Bank, in addition to contending that the security interest in the computer equipment was a purchase money security interest, also

asserts that the computer equipment identified in the promissory note do not qualify as tools of the trade in the State of Oklahoma, and therefore are not exempt assets subject to a lien avoidance motion under Section 522(f) of the United States Bankruptcy Code.

The court identifies three issues relative to determination of the debtor's motion to avoid lien. These are (1) whether the security interest granted to Bank constituted a purchase money security interest and was nonpossessory in nature; (2) whether the collateral identified in the security interest portion of the Bank's promissory note constitute exempt "tools of the trade" for the debtor's law practice; and (3) whether tools of the trade are a proper subject of a motion to avoid lien impairing exemption under Bankruptcy Code Section 522(f).

At the outset, the Court, by reason of its findings above set forth finds and concludes that the security interest granted by the debtor to Bank in the computer equipment is neither a possessory security interest nor a purchase money security interest. Therefore, the first issue is resolved in favor of the debtor.

■ In support of its contention that the computer equipment does not qualify as "tools of the trade" for purposes of Oklahoma exemption law, Bank directs the attention of the Court to the case of *In re Goldberg*, 59 BR. 201 (Bankr.N.D.Okla.1986). That case, decided nearly a decade ago, held that a computer, under the particular facts and circumstances of that case, did not constitute tools of the trade of a medical doctor.

The debtor testified, among other things, that he prepares boiler plate wills on behalf of clients for a legal services entity with which he contracts. The legal services entity allows its members to obtain wills drawn by an attorney at no charge. Presumably, the debtor derives an economic benefit with its relationship from the legal services entity, or he would not be willing to prepare wills at no cost to clients. The debtor testified that his computer equipment was absolutely critical to his performing this task, as well as to maintaining any semblance of competitiveness in the legal profession in the City of Tulsa Oklahoma. The debtor further testi-

fied that he did work at home on a regular basis on his home computer, saved the work product to disk, and transported the disk to his office computer for final preparation and printing. The debtor further testified that he did not employ any clerical staff, and that the ability of the computer to correct word processing errors allowed him to perform valuable legal services for his clients without the necessity of hiring competent clerical assistants.

The Court finds over the years the sophistication, as well as the competitive environment of legal services in the community of Tulsa, Oklahoma, has made the use of computer equipment, both for word processing and accounting functions, to be an indispensable part of the practice of law. While it may be true that in 1986 a computer was not an essential part of the practice of medicine in this community, the Court finds and concludes that simple personal computers are of immense value and are truly necessary to the efficient and modern practice of law in this community.

The Court therefore concludes that the computer equipment owned by the debtor and included in the security agreement in the Bank's promissory note qualifies as tools of the trade for the debtor in this case, and are therefore exempt to the debtor.

■ With respect to the third issue identified above, that is, whether tools of the trade are proper subjects for the application of the motion to avoid lien under Bankruptcy Code Section 522(f), the Court notes that tools of the trade are identified as one category of personal property which may be made the subject of a lien avoidance motion, pursuant to the provisions of 11 U.S.C. Section 522(f)(1)(B)(ii).

Further, inasmuch as the debtor acquired the computer equipment prior to the imposition of the security interest in favor of Bank, the lien of Bank impairs the otherwise valid exemption of the debtor in the computer equipment, and is therefore a proper subject of the debtor's lien avoidance motion.

The Court therefore concludes that the security interest in favor of Bank in the

computer equipment is not a purchase money security interest, is non-possessory, that the computer equipment constitutes tools of the trade of the debtor and that the lien of the Bank on the computer equipment identified in promissory note 604–447–8 is hereby avoided pursuant to the provisions of 11 U.S.C. Section 522(f).

For the reasons specified above, the Motion for Relief From Stay of Bank relative to the computer equipment above identified is stricken as moot and the Court passes the motion for the relief from stay relative to the non computer collateral to a subsequent date to be set by the Court upon application, if the parties cannot resolve their differences with respect to such non-computer collateral.